IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:10-cr-00030-MR-WCM-2
CRIMINAL CASE NO. 1:17-cr-00011-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| STEPHEN RUSSELL DEAN MCCOY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for the appointment of counsel [No. 2:10-cr-00030-MR-DLH-2, Doc. 113; No. 1:17-cr-00011-MR-WCM-1, Doc. 86].

The Court first notes that the Defendant has filed the identical Motion in two separate cases in which he is a Defendant. In Order for the Court to appropriately consider the Defendant's Motion, he must specify to which case he is referring.

Furthermore, the Defendant makes his request through a letter. A party cannot seek relief through the filing of letters; only motions will be ruled on by the Court. The Defendant is warned that future filings must be filed as

motions, not letters. Despite this procedural deficiency, the Court will proceed to address the merits of the Defendant's request.

In his letter, the Defendant requests the appointment of counsel to represent him in connection with filing a motion for a sentence reduction under Amendment 821. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (holding no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Specifically, the Defendant has not shown that he has a potentially meritorious claim for a sentence reduction under Amendment 821. Further, he has failed to identify a particular challenge to pursuing such claims, stating only that he requests

a lawyer "to file the Amendment 821 motion on my behalf." [Doc. 113 at 1]. It does not appear from the record that appointed counsel would assist the Defendant with either (1) establishing a meritorious claim or (2) developing the record further in support of a meritorious claim. Accordingly, the Court concludes that the appointment of counsel would not be in the interests of justice. If the Defendant wishes to file a motion for a sentence reduction, he must do so *pro se*.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for the appointment of counsel [No. 2:10-cr-00030-MR-DLH-2, Doc. 113; No. 1:17-cr-00011-MR-WCM-1, Doc. 86], is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: August 5, 2024

Martin Reidinger
Chief United States District Judge